UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOLANDA PLANES,

    Plaintiff,

v.                                              Case No:  2:13-cv-217-FtM-38DNF

WELLS FARGO BANK, N.A.,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    **I.**    **Introduction**

This cause is before the Court on Plaintiff Yolanda Planes' ("Plaintiff") and Defendant Wells Fargo Bank, N.A.'s ("Defendant") Joint Motion for Approval of Settlement Agreement (Doc. 20) filed on August 28, 2013.  The parties are requesting that the Court approve the parties' Settlement Agreement and General Release ("Settlement Agreement") (Doc. 20-1) and dismiss the action with prejudice.  For the reasons explained below, the Court respectfully recommends that the parties' motion be **GRANTED**.

    **II.**    **Background**

Plaintiff filed her Complaint (Doc. 1) against Defendant on March 12, 2013, alleging that Defendant violated the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), by discriminating against her in her pay rate on the basis of sex.  On May 10, 2013, the Court entered a Scheduling Order (Doc. 11) directing the parties to meet and confer in person in a good faith attempt to settle Plaintiff's claim.  The parties engaged in settlement negotiations over a ten-day period and reached an amicable agreement.

### III. Discussion

Plaintiff's claim arises under the EPA, which is an amendment of the Fair Labor Standards Act ("FLSA"). Thus, to approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

Pursuant to the Settlement Agreement, Plaintiff will receive a sum of $1,900.00, of which $950.00 is to be allocated towards Plaintiff's EPA claim and $950.00 is to be allocated to liquidated damages. (Doc. 20-1 p. 2). Plaintiff will also receive an additional $100.00 in consideration for a release of any other claims that she may have through the date of the execution of the settlement agreement. Plaintiff was represented by counsel throughout all phases of litigation and settlement in this case. Given the nature of Plaintiff's EPA claim, which differs from most FLSA claims in that the determinative analysis does not involve quantifiable information, but an analysis of soft factors to determine discrimination, the Court finds the payment to Plaintiff fair and reasonable.

The parties have agreed to pay counsel for Plaintiff $5,500.00 in attorneys' fees and costs. (Doc. 20-1 p. 2-3). Pursuant to *Bonetti v. Embarq Management Company*, 715 F.

Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

Here, the parties provide that the fees and costs to be paid to Plaintiff's counsel "are not a percentage of the Plaintiff's recovery in this case, and there is no correlation between the amount of monetary consideration being paid to the Plaintiff and the amount of attorneys' fees and costs being paid by the Defendant on Plaintiff's behalf." (Doc. 20 p. 7). The Settlement Agreement appears reasonable on its face. For these reasons, the Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the parties' Joint Motion for Approval of Settlement Agreement (Doc. 20) be **GRANTED** and the Settlement Agreement (Doc. 20-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the Plaintiff's EPA claim. The Court further

recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Chambers in Ft. Myers, Florida on September 18, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties